

FILED
SUPERIOR COURT
OF GUAM

2019 JUL 25 PM 4: 51

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **VIVIAN ULLOA MCCURDY,** | **CIVIL CASE NO: CV0632-17** |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER**<br>(*Re:* CEI's Motion<br>for Summary Judgment) |
| **CHAMORRO EQUITIES, INC.,** | |
| **Defendant.** | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 26, 2019, on Chamorro Equities, Inc.'s ("CEI") Motion for Summary Judgment against Vivian U. McCurdy ("Vivian"). Attorney Daniel J. Berman appeared on behalf of CEI. Attorney Jacqueline T. Terlaje appeared on behalf of Vivian.

On August 30, 2017, CEI filed its initial Motion to Dismiss; or in Alternative, for Summary Judgment.[1] The Decision and Order was rendered on February 20, 2018, denying CEI's motion. The Court found the matter required further development as little to no discovery had taken place. Thus, the pleadings were evaluated only under the dismissal standard of the Guam Rules of Civil Procedure 12(b)(6). After further development of the record, CEI refiled a Motion for Summary Judgment on February 26, 2019. Vivian filed her Opposition on March 26, 2019. CEI then filed its Reply on April 9, 2019. Following a motion hearing on April 29, 2019, the Court took the matter under advisement. Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court hereby **GRANTS** in part and **DENIES** in all others on CEI's Motion for Summary Judgment.

---

[1] CEI had filed a Motion for Sanctions which was also decided in the Court's February 20, 2018 Decision and Order.

## BACKGROUND

Vivian filed the Complaint in this matter on July 3, 2017. In the Complaint, Vivian alleges that her sister, Lucy P. Ulloa, was the owner of a residence in Agana Heights ("Agana Heights Residence").[2] Compl. at ¶¶ 4, 6. In 2005, Lucy was subjected to guardianship proceedings where Vivian, Alvin Ulloa, and later a Public Guardian, had guardianship over Lucy's person and her estate ("Estate"). *Id.* at ¶ 9. This guardianship continued from the initial appointment in 2005 until Lucy's death in 2014. *Id.*

Vivian and her siblings: Lucy Ulloa, Esther Thompson, Priscilla Hartwick, Alvin Ulloa, Paul Ulloa, and George Ulloa incorporated Chamorro Equities, Inc. ("CEI") in 1987. *Id.* at ¶ 13. The siblings were the sole shareholders of the corporation, with Lucy owning approximately 108,300 shares. *Id.* at ¶¶ 10, 13. On or about 1987, the shareholders allegedly agreed that each sibling would receive a dividend of three hundred seventy-five thousand dollars ($375,000.00). *Id.* Allegedly, five of the siblings received the cash dividend; Lucy and Paul did not. *Id.* at ¶ 12. In lieu of the cash dividend, CEI formed an oral agreement ("Shareholders Agreement")[3] with Lucy and Paul, promising to convey separate lots for the two siblings.[4] *Id.*

Over the years, CEI allegedly reaffirmed the Shareholders Agreement and Lucy's purported ownership of the Agana Heights Residence. *Id.* at ¶¶ 17-18. The affirmations occurred during CEI's meetings, including but not limited to, an annual meeting in March 1990 and a resolution of the board of directors in October 2011. *Id.* On October 13, 2013, CEI transferred a lot to Paul's Estate, purportedly in accordance with the Shareholders Agreement. *Id.* at ¶ 19. Finally, Vivian alleges that as an heir to the Estate, she is entitled to partial ownership of the Agana Heights Residence. *Id.* at ¶ 24. Within the next two years, Vivian and CEI were adverse parties in unrelated suits.[5] CEI's Ex. "3" at 2. In May 2015, the Parties mediated and signed the Settlement Agreement, Release and Covenant Not to Sue ("Settlement Agreement"). Mot. Summ J. at 18. The Settlement Agreement

---

[2] The Complaint alleges that Lucy owns the building and a portion of the lot on which the building is located, in Agana Heights Residence-2-R1, Agana Heights Municipality of Sinajana. Compl. at ¶ 6. The parceling is drawn in a survey map of Lot 307-2. Map Drawing No. 192FY2010. The land is recorded with the Department of Land Management under Instrument No. 809803, with the land containing an area of approximately ± 16,554 sq. meters. Compl. at ¶ 6.

[3] Vivian refers to the purported agreement as the 'Shareholders Agreement.' To avoid confusion, the Court will continue the use of 'Shareholders Agreement' in this Decision and Order; however, the descriptor does not imply validity, existence, or enforceability of the agreement.

[4] Lucy and Paul were promised their own separate portions of land. Compl. at ¶ 12. The lots were intended for Lucy and Paul to build their own houses. *Id.*

[5] In 2013, CEI sued Vivian for unpaid loans in the matter of CV0408-13. In 2014, CEI sued to quiet tile against Paul's son, Steven Ulloa, and also sued Walter Ulloa, Vivian McCurdy, Lisa Ulloa, Judith Oliver, Martha Winje, Richard McCurdy, Jr., and Frederick Ulloa on a breach of fiduciary duty claim in matter CV0898-14.

called for both Parties to release and discharge all claims related to CV0408-13 and CV0898-14. *Id.*

In July 2015, Vivian alleges that inconsistent and in contravention of the Shareholders Agreement, CEI asserted ownership of the Agana Heights Residence and demanded rent payments from Vivian and her husband, Richard McCurdy, following Lucy's death in 2014. Compl. at ¶ 20. Then on October 26, 2016, and April 10, 2017, CEI filed unlawful detainer actions against Vivian, asserting ownership of the Agana Heights Residence.[6] *Id.* at ¶¶ 21-22. Finally on May 31, 2017, CEI delivered a notice to surrender possession to Vivian. *Id.* at ¶ 23. As a result, she initiated an action to Quiet Title to the Agana Heights Residence, Fraud against CEI, and a Constructive Trust.

## DISCUSSION

CEI files this Motion for Summary Judgment, arguing Vivian's actions for Quiet Title, Fraud, and Constructive Trust are meritless and time-barred as a matter of law. It further asserts Vivian has no standing as an earlier civil resolution had relinquished her right to sue. In opposition, Vivian argues that the statute of limitations had not been triggered until CEI filed suit in 2015. In addition, she maintains Lucy's incompetency had tolled time until her death in 2014. Lastly, she alleges CEI's fraudulent actions should impose a constructive trust to prevent any unjust enrichment.

### I. Summary Judgment Standard

CEI maintains there are no genuine issues of material facts; and so as a matter of law, summary judgment should be granted. The Guam Rules of Civil Procedure ("GRCP") state summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine dispute "occurs where there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact finder." *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26. The dispute must concern a material fact, that is, a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. If a matter involves undisputed facts, the issue becomes a question of law in which a

---

[6] In paragraphs 21 and 22, Vivian states "Judgment was subsequently entered in favor of [Vivian] …" for cases CV0884-16 and CV0342-17. Compl. at ¶¶ 21-22. However, judgment was only entered in Vivian's favor due to a lack of tenancy relationship, which is necessary for an unlawful detainer action. CEI's Ex. "A" Order After Hearing in Civil Case No. CV0342-17. Judgment was not entered in favor of Vivian based on the merits of ownership. In fact, the Magistrate Judge Honorable Alberto E. Tolentino found that "[Vivian] do[es] not and cannot assert that [she is the owner] of the property at issue." *Id.* at 8. The Court found that although CEI did affirm an obligation to convey, no actual agreement had ever been filed to transfer the property. *Id.* Thus, Vivian had no interest in the Agana Heights Residence in CV0342-17.

court must render judgment. If a matter involves disputed facts, the issue becomes a question of fact for a fact finder.

When analyzing a summary judgment motion, a court "must view the evidence and draw inferences in the light most favorable to the non-movant." *Helmani v. Hemlani*, 2015 Guam 16 ¶ 13. The movant bears the initial burden of showing that "undisputed facts in the record support a *prima facie* entitlement to the relief requested." *Hawaiian Rocks*, 2016 Guam 4 ¶ 27. If such a showing is made, the burden then shifts to the non-movant. "The non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 21 (citations omitted); GRCP 56(e).

## II. Statute of Limitations

CEI argues Lucy and her guardians all had notice of its adverse title. As such, Vivian's claims are time-barred under the statute of limitations. It purports Lucy's alleged adverse interest ripened upon the completion of the Agana Heights Residence in 1990. CEI alleges Lucy and her guardians had the opportunity and capacity to bring an action since 1990. Thus, Vivian should not be permitted to sit on her hands for 27 years, to only now claim an interest in the Agana Heights Residence.

Vivian opposes, arguing notice was not given until CEI commenced suit against her in 2015.[7] She maintains the opportunity to sue had only ripened in 2015, which is still well within the limitation period for any of the three causes of actions. Moreover, Lucy was allegedly incompetent from 2005 to 2014, and so any statute of limitation running against her was tolled. Thus, none of Vivian's actions are time-barred by any statute of limitations.

### Quiet Title

The Guam Code Annotated ("GCA") does not define a statutory limitation for quiet title actions. Instead, the applicable limitation period is based on the underlying theory of the cause of action. *Salazar v. Thomas*, 236 Cal. App. 4th 467, 476, as modified on denial of reh'g (May 28, 2015) (citations omitted). To determine the nature of the underlying theory, the gravamen of the action must be identified. *Id.* (citing *Henseler v. City of Glendal*, 8 Cal. 4th 1, 22 (1994), as modified on denial of reh'g (Sept. 22, 1994) (stating the statute of limitations is determined by the nature of the right sued, not the action's form or the requested relief) (internal quotations and citations omitted). However, when the statute of limitations is raised as an affirmative defense, the

---

[7] *Supra* note 5.

competency of a party may also be raised. 7 GCA § 11215.

Here, the nature of the action is based upon allegations that the Estate was dispossessed of property which was validly transferred via CEI's oral contract. As such, the underlying theory is based upon fraud, with contracts as an ancillary action. Fraud actions have a three-year limitation period which is triggered when the aggrieved party discovers the facts constituting the fraud. *Id.* at § 11305(d). Oral contracts also have a three-year limitation; it is triggered when the aggrieved party discovers the loss or damage.[8] *Id.* The tolling of a limitation period is applicable if the aggrieved party is deemed incompetent. *Id.* at § 11215(b). Thus, time is tolled until the disability ends or after death, not to exceed 20 years. *Id.* The action then accrues after five years. *Id.* For actions without prescribed limitations, Guam's four year catch-all statute will apply. *Id.* at § 11312.

CEI argues that all of Vivian's actions are time-barred because Lucy had notice of her opportunity to sue since 1990. Mot. Summ. J. at 7. CEI alleges that both Vivian and Lucy had actual and constructive knowledge of CEI's interest in the Agana Heights Residence.[9] *Id.* at 8-13. In opposition, Vivian argues the actions only began accruing upon CEI's suit against her in 2015. Compl. at ¶ 20. As this instant motion was filed in 2017, she asserts that her actions are not time-barred. Opp'n at 9-10. Moreover, Lucy and her Estate were under guardianship since 2005, only ending upon her death in 2014. Compl. at ¶ 9; *see* Berman Decl. Ex. "2". Vivian argues that during this period, any statute of limitations running against Lucy would have been tolled until 2014, when Lucy passed. Opp'n at 9-10.

"As a general rule, the statute of limitations [for a quiet title action] does not run against one in possession of the land." *Salazar*, 236 Cal. App. 4th at 477 (citations omitted). The rationale is that:

> In many instances one in possession would not know of dormant adverse claims of persons not in possession. Moreover, even if . . . the party in possession knows of such a potential claimant, there is no reason to put him to the expense and inconvenience of litigation *until such a claim is pressed against him.* Thus mere notice of an adverse claim is not enough to commence the owner's statute of limitations.

*Id.* at 477-78 (alteration in original) (citations omitted) (footnote omitted) (quoting another source).[10]

---

[8] Section 11303(c) only covers actions upon written instruments, which has a limitation of four years. 7 GCA § 11303.
[9] Vivian and Lucy were both officers of CEI. Each was present during business meetings and contributed to many discussions, motions, and distributions which sometimes involved residency-related issues. Mot. Summ. J. at 9.
[10] *Accord. Eleanor Licensing LLC v. Classic Recreations LLC*, 21 Cal. App. 5th 599, 612-13, reh'g denied (2nd Dist. Apr. 3, 2018), reh'g denied (2nd Dist. Apr. 8, 2018).

Here, Lucy exclusively possessed the Agana Heights Residence from 1990 until her passing in 2014. Opp'n at 3, 5; Mot. Summ. J. at 6. Irrespective of interest, CEI was the current titleholder to the property since 1987. *Id.* at 1; Compl. at ¶¶ 11, 30. Although Lucy was in exclusive possession for over 25 years, CEI had never initiated litigation against her. Both CEI and Lucy had actual knowledge concerning the ownership of the Agana Heights Residence as each was present during CEI's meetings discussing it. *Supra* note 8. CEI repeatedly acknowledged the Agana Heights Residence as Lucy's, even making specific statements about the incomplete conveyance. In fact, all Parties have made explicit statements of Lucy's possession, from 1990 until 2011. Opp'n at 2-11; Mot. Summ. J. at 6-7; Resolution of the Board of Directors of CEI at 1.

CEI maintains Lucy did not request for the title because the benefits she receieved from CEI gave her no reason to. Opp'n at 2; Mot. Summ. J. at 6; CEI's Shareholders' Distributions at 1-2. By contrast, it is equally possible that her exclusive possession of the property gave her no reason to believe her property rights were at risk. This is especially true given CEI had the intention and the knowledge of Lucy's exclusive possession. So long as neither party asserted any adverse interest against the other, the status quo would remain. *See Salazar*, 236 Cal. App. 4th at 477 (stating the party in possession has no reason to avail themselves to litigation unless it is initiated); *cf. Ankoanda v. Walker-Smith*, 44 Cal. App. 4th 610, 618 (1996) (stating that having concurrent tenancy and ownership interest is not inconsistent). Thus, Vivian and Lucy's mere notice of CEI's potential adverse claim did not trigger any statute of limitation.

### Fraud and Constructive Trust

Vivian and CEI assert the same arguments concerning the statute of limitations for fraud and constructive trusts. Guam law dictates a three-year statute of limitation for fraud. 7 GCA § 11305(d). A fraud claim accrues when the aggrieved party knows or should have known of the facts constituting the fraud. *Id*; *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 30. As for a constructive trust, there is no statute of limitation for its imposition. Constructive trust is not a substantive theory but a remedy to compel the return of unjustly obtained property. *Davies v. Krasna*, 14 Cal. 3d 502, 515-16 (1975). Therefore, the statute of limitations for a constructive trust assumes the limitation period of the underlying substantive theory. *Id.* at 516. In this case, the limitation period of the constructive trust is three years, the same period of the underlying theory of fraud. *See Unkel v.*

*Robinson*, 163 Cal. 648, 650 (1912).[11]

Similar to above, Vivian would not have known of CEI's alleged fraudulent actions until it asserted an adverse interest in the Agana Heights Residence. CEI did not aver any action against Lucy or her Estate until 2015, when the unlawful detainer suit was filed against Vivian.[12] Only two years have passed since the first suit in July 2015 and the filing of this matter in July 2017, which is one year short of the limitation period's expiration. Thus, Vivian's fraud action and constructive trust are not time barred.

### *Incompetency*

For litigants with disabilities, a statute of limitations will be tolled for five years after the disability ends or after death. 7 GCA § 11215(b); *Perez v. Gutierrez*, 2001 Guam 9 ¶ 19. Vivian argues that Lucy was deemed incompetent in Special Proceedings Case SP0168-05, which appointed Vivian and Alvin Ulloa as Lucy's guardians. Compl. at ¶ 9; Ex. "2" at 3. This appointment continued until her death in 2014. *Id.* Therefore, any statute of limitations that ran against her for those years would have been tolled. However, CEI argues Lucy was still competent in 2005, as attested by both Vivian and her husband, Richard McCurdy.[13] Reply at 3. It asserts that Lucy was only under guardianship as she was elderly and required assistance in maintaining her estate. CEI's Ex. "G" at 78. On July 29, 2012, Dr. Edwin Supit observed a discussion between Lucy and her then attorney Curtis C. Van de Veld. *Id.* Dr. Supit determined that although Lucy suffered some memory loss, her comprehension during the discussion indicated her mental competency. *Id.* at 6.

The Parties dispute Lucy's mental competency from 2005 to 2014. Although this fact goes to the heart of one of the issues, its relevance is no longer material. Vivian's claims for quiet title and fraud, which have a three-year limitation, have not been time-barred. Because the statute of limitations for mental competency extends to a five-year limitation, the validity of the claim does not affect the time-bar issue as Vivian's claim has only accrued for two years. Therefore, the materiality of this fact is irrelevant.

### III. Quiet Title

An estate in real property can only be conveyed through operation of law or a valid instrument, excluding estates at will or terms exceeding one year. 21 GCA § 4101. For conveyance

---

[11] A constructive trust claim accrues when a beneficiary knows or should have known of the unjust withholding of property. *Martin v. Kehl*, 145 Cal. App. 3d 228, 234 (1983).

[12] *Supra* note 5.

[13] In Vivian's deposition, she stated Lucy was competent during the latter part of 2015. Reply at 3. In Richard McCurdy's deposition, he testified "[Lucy] was absolutely competent," as she was able to converse with anybody, and in addition, "Her guardianship was never established because of mental incompetency." *Id.*

through an instrument, it must satisfy the statute of frauds. *Id.* The statute of frauds require a written document signed by the party to be charged or an authorized agent. Absent this requirement, the orally transferred real property becomes invalid. *Id*; *see* 18 GCA § 86104; *see also Plaza Freeway Ltd. P'ship v. First Mountain Bank*, 81 Cal. App. 4th 616, 624-25 (2000) (citing *Hoag v. Howard*, 55 Cal. 564, 565 (1880)). However, an oral promise to convey real property may still be enforceable under the equitable theory of estoppel. *Matter of Guardianship of Moylan*, 2017 Guam 28 ¶ 14.

The Supreme Court of Guam states "under the doctrine of estoppel, an oral promise to convey real property is removed from the statute of frauds and is enforceable under extreme circumstances in order to prevent an injustice to the donee." *Id.* (internal quotations and citations omitted). An oral gift is only derogated if the donee is given possession, accepts under the gift's terms, and acts to carry out the gift's purpose. *Id.* The donee's actions must demonstrate reliance which alters her position to such a substantial detriment that only conveyance could prevent injustice. *Id.* A donee's reliance indicates her belief of ownership. In estoppel, courts tend to focus heavily on expenditures, such as making improvements or paying taxes, as it often indicates detrimental reliance. *Id.* at ¶ 19. Nevertheless, expenditures alone are insufficient to prove estoppel; the donee must show her monetary detriment exceeded her benefit of the property. *Id.* at 22.

CEI argues the agreement to convey property was an oral promise. Mot. Summ. J. at 14. In the 1980s, CEI promised to convey the Agana Heights Residence to Lucy so she could build a house. Resolution of the Board of Directors of CEI at 1. CEI alleges the agreement to convey property was orally formed, and so it is invalid under the statute of frauds. Mot. Summ. J. at 14. Vivian asserts Lucy was the purported owner of the Agana Heights Residence irrespective of the title, citing CEI's repeated statements of Lucy owning the disputed property. Opp'n at 3-4. However, the Court notes Vivian had not presented any singular document to be the instrument that granted Lucy ownership.[14] The deed recorded with the Department of Land Management still names CEI as the titleholder to the Agana Heights Residence. Mot. Summ. J. at 1.

The Parties dispute whether Lucy had received a housing allowance as allegedly provided by the Shareholders Agreement. CEI argues Lucy accepted one hundred seventy-eight thousand dollars ($178,000.00) in housing benefits or allowance, demonstrating a waiver and a lack of reliance on any agreement. *Id.* at 16. In contrast, Vivian argues Lucy had not received her housing allowance. Opp'n at 6. The receipt, or lack, of housing allowance is material because it establishes Lucy's

---

[14] The Court's position also echoes the finding of the Magistrate Judge Honorable Alberto E. Tolentino in matter CV0324-17.

benefit or detriment from CEI. If Lucy suffered a substantial detriment, the oral agreement would be removed from the statute of frauds, possibly deeming it enforceable. As related to the validity of the oral agreement, a genuine dispute of a material fact exists; therefore, summary judgment is improper.

### IV. Fraud

To establish fraud, a claimant must prove: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 12 (citing *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 19 (internal citations and quotations omitted)). Although a simple and plain statement of fraud satisfies Rule 9(b), the circumstances of fraud must be pleaded with particularity. GRCP 9(b); *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶¶ 14-15 (internal quotations and citations omitted). Pleading with particularity is required as it gives notice of what fraud action is alleged. *Id.* at ¶ 16. A pleading is sufficient if it details the "who, what, when, where, and how" of the fraud, to the extent it affords notice to the accused. *Id.* at ¶¶ 14, 16, 25-29.

CEI argues Vivian failed to properly plead fraud as required by GRCP Rule 9(b), stating she must allege sufficiently specific facts constituting the fraud. *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 16. Vivian maintains her pleadings are proper, asserting that Guam is a notice-pleading jurisdiction, not a fact-pleading one. *Ukau v. Wang*, 2016 Guam 26 ¶ 21 (citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9) (internal quotations omitted). In *Taitano v. Calvo Fin. Corp.*, the Supreme Court stated GRCP Rule 8(a) and (9)(b) do not conflict, and in fact, are to be read together. 2007 Guam 12 ¶ 13. Under both rules, a pleading need not prove the claim of fraud; it only requires specificity to the degree notice is given. *Id.*

Because a pleading for fraud must provide notice, at minimum, a defendant and his role in the fraud should be particularized. *Id.* at ¶ 9. Here, Vivian fails to do so. Throughout the years, CEI has varied and replaced its corporate shareholders. When a corporation's collective actions are at issue, the "who" of a pleading must detail the individual defendants and their role in the misrepresentation. *Id.* at ¶ 27 (citing *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1998) (internal quotations omitted)). Vivian's pleading does not state the specific individuals involved in the alleged fraud that occurred from July 2015 to May 2017. It is unclear who exactly was involved and in what capacity. Although not a fatal defect, the missing information weighs against sufficiency. *Id.* Nevertheless, assuming arguendo Vivian has properly pleaded, she still fails to establish fraud on its merits.

If one element of fraud fails, the entire claim fails. *Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23. In Vivian's pleadings, she states which of CEI's purported actions were fraudulent; however, she fails to clarify how these actions establish actual fraud.[15] To sustain an action for fraud, CEI must have intent to defraud that induced justifiable reliance by Lucy. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 12. Based on the pleaded fraud, CEI could not have induced justifiable reliance by Lucy as she had passed away in 2014, a calendar year before the fraud occurred in 2015 to 2017. Compl. at 2, 4. For the same reason, Lucy also did not suffer resulting damages. Therefore, fraud fails on its merits.

## V. Constructive Trust

Guam's statute related to constructive trust is contained in 18 GCA § 65110, which states that a person who obtains property through wrongful conduct becomes an involuntary trustee for the rightful beneficiary. *In re Moylan*, 2011 Guam 16 ¶ 19. Although wrongful conduct is explicitly stated, it is not a required element of constructive trust. *Id.* at 66-68. A constructive trust may be found if its imposition is necessary to prevent unjust enrichment. *Id.* at 68 (citing *Rawlings v. Rawlings*, 240 P.3d 754, 769 n. 62 (2010)). Unjust enrichment is found when: a benefit is granted to another, the grantee acknowledges or appreciates the benefit, and the grantee's retention without valuable payment renders the circumstances inequitable. *In re Moylan*, 2011 Guam 16 at ¶ 68.

Here, CEI retained Lucy's alleged housing allowance in exchange for the promised conveyance of the Agana Heights Residence. CEI knows of its benefit as the exchange was based upon an alleged agreement. However, the Parties disagree as to whether Lucy's circumstances are inequitable. As argued above, it is disputed whether Lucy received a housing allowance as conferred by the alleged Shareholders Agreement. Her receipt of housing benefits determines whether the circumstances of the exchange are so inequitable that a constructive trust should be imposed. Because a genuine dispute of a material fact exists, summary judgment is improper.

## VI. Relinquishment of Rights

CEI argues Vivian had relinquished her right to sue CEI when she signed the Settlement Agreement stemming from previous cases.[16] Vivian argues the agreement did not intend to bind Lucy or her Estate, and so Vivian still has standing to bring this suit. Although the Settlement

---

[15] In her Opposition, Vivian's most relevant argument for fraud only concerns the tolling of the statute of limitations. Opp'n at 10. CEI argues Vivian failed to state a cause of action due to her improper pleading. Mot. Summ. J. at 2. In response, Vivian only asserted a plain statement of fraud could establish equitable tolling. Opp'n at 10. No further arguments on the merits of actual fraud were put forth.
[16] *Supra* note 4.

Agreement was not binding upon Lucy, Vivian's statements show she is suing under her own power as Lucy's heir, not as the administrator to the Estate.[17] Opp'n at 1.

Under the Settlement Agreement, Vivian had agreed to release and discharge her right to sue CEI on claims related to or arising from matters CV0408-13 and CV0898-14.[18] Therefore, any and all claims related to the matters, whether known or unknown, were relinquished in 2015. CEI's Ex. "3" at 2. However, the issue of whether the suits are related to or arising from this instant matter remains.[19]

The matter of CV0408-13 arises from unpaid loans of Vivian to CEI. The matter of CV0898-14 arises from the promised conveyance of Paul's property to his Estate. Vivian's actions for quiet title, fraud, and constructive trust arise from CEI's unlawful detainer actions filed from 2016 to 2017.[20] However, the Settlement Agreement only released claims that are *related to or arising from* actions in 2013 to 2014.[21] In detriment to its argument, CEI claims the causes of actions are vastly unrelated. CEI asserts Lucy's and Paul's agreements were poles apart due to the varied terms and unique triggers. Reply at 1. Moreover, CEI argues Vivian is the party attempting to compare Lucy and Paul's circumstances, stating "[Vivian does not offer proof that Lucy and [Paul] had close to the same circumstances. In fact, they had remarkably different circumstances and Vivian's attempt to make them somehow identical is an example of mischaracterizing undisputed history." *Id.* at 2. There are substantial differences between Lucy and Paul's situations. CEI asserts Paul received benefits that exceeded Lucy's; the exceeded benefits created an encumbrance on Paul's house, causing delayed conveyance until the mortgage was satisfied. *Id.* at 3. There is no evidence suggesting CEI was withholding Lucy's property as a guarantee of sorts. Supported by CEI's assertion, the matters in the Settlement Agreement are unrelated and do not arise from the same circumstances. Therefore, Vivian had not relinquished her rights to sue when she signed the Settlement Agreement.

Lastly, Vivian seeks a deposition of Priscilla Hartwick prior to this determination of summary judgment. However, Vivian has not offered any evidence that Hartwick's testimony would be material in the disposition of this Motion. Moreover, the discovery cut-off was on December 12,

---

[17] Vivian's Opposition states, "This case is filed by the Plaintiff, as an heir of Lucy P. Ulloa to determine the conflicting interests in real property . . ." Vivian's Complaint makes no explicit statement on whether Lucy's Estate is a party to the matter.
[18] *Supra* note 4.
[19] *Id.*
[20] The matters of CV0884-16 and CV0342-17 were initiated between October 2016 to May 2017; *Supra* note 5.
[21] *Supra* note 4.

2018, a deadline that is far gone. *Id.* at CEI's Ex. B.

## CONCLUSION

Based on the foregoing reasons, the Court grants CEI's Motion for Summary Judgment in part. The Court **GRANTS** summary judgment on the fraud claim, but **DENIES** summary judgment on all other claims.

A Status Hearing is set for ___8/29/19___ at ___10:30 a.m.___

SO ORDERED ___7/25/19___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the within hereto was placed in the

___Berman___
___UALSE VERWUT___

Date: _7/25/19_ Time: _Sn_

_____
Deputy Clerk, Superior Court of Guam